UNITED STATES of America, Appellee,

v.

**Joseph FEATHER, Appellant.**

**No. 85–5030.**

United States Court of Appeals,
Fourth Circuit.

Argued July 18, 1986.

Decided Sept. 17, 1986.

Talmage Newton Penland, Asheville, N.C., for appellant.

Kenneth D. Bell, Asst. U.S. Atty. (Charles R. Brewer, U.S. Atty., Asheville, N.C., on brief), for appellee.

Before WIDENER, PHILLIPS, and CHAPMAN, Circuit Judges.

JAMES DICKSON PHILLIPS, Circuit Judge.

Joseph Feather, appeals his conviction, by a jury, of arson, on the Cherokee Indian Reservation, in violation of 18 U.S.C. §§ 81[1] and 1153.[2] Feather contends that when he was questioned about the fire he was in custody for *Miranda* purposes and that, because no warnings were given, his confession was improperly admitted at trial. We hold that Feather's confession was not the product of custodial interrogation and we therefore affirm.

## I

The evidence at trial showed that, in response to a report by Feather's sister that Feather had admitted responsibility for the fire, an FBI special agent and a local uniformed officer arrived at her home to question her. There they encountered several people, including Feather. The officers asked Feather to step outside and questioned him near the rear of a government vehicle. According to the FBI agent, Feather explained that he had set the fire in his apartment following an argument with his common law wife. Neither the duration of the interrogation nor the interval between the interrogation and Feather's arrest is disclosed by the record.

Feather's suppression motion concerning his confession was overruled; the confession was admitted against him, and he was convicted.

## II

Feather contends that because the officers had focused their investigation upon him at the time of questioning, indeed may have had probable cause to arrest him,[3] that he was in custody for purposes of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We disagree. The *Miranda* custody requirement is not satisfied "simply because the ... questioned person is one whom the police suspect." *Oregon v. Mathiason*, 429 U.S. 492, 495, 97 S.Ct. 711, 714, 50 L.Ed.2d 714 (1977). *See also Davis v. Allsbrooks*, 778 F.2d 168, 171 (4th Cir.1985); *Beckwith v. United States*, 425 U.S. 341, 347, 96 S.Ct. 1612, 1616, 48 L.Ed.2d 1 (1976) ("*Miranda* implicitly defined 'focus,' for its purposes, as 'questioning initiated by law enforcement officers *after* a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.'" (Emphasis in original.) Rather, "the ultimate inquiry is simply whether there is a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." *California v. Beheler*, 463 U.S. 1121, 1125, 103 S.Ct. 3517, 3520, 77 L.Ed.2d 1275 (1983), *quoting Mathiason*, 429 U.S. at 495, 97 S.Ct. at 714.

The interview in this case was conducted in the daylight outside Feather's sister's home. Feather has not complained that the interview was lengthy or otherwise inherently coercive to the degree contemplated by *Miranda. See Oregon v. Mathiason*, 429 U.S. at 495, 97 S.Ct. at 714. ("Any interview of one suspected of a crime by a police officer will have coercive aspects to it, simply by virtue of the fact that the police officer is part of a law

---

**1.** 18 U.S.C. § 81 provides that

Whoever, within the special maritime and territorial jurisdiction of the United States, willfully and maliciously sets fire to or burns, or attempts to set fire to or burn any building, structure or vessel, any machinery or building materials or supplies, military or naval stores, munitions of war, or any structural aids or appliances for navigation or shipping, shall be fined not more than $1,000 or imprisoned not more than five years, or both.

If the building be a dwelling or if the life of any person be placed in jeopardy, he shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

**2.** 18 U.S.C. § 1153 provides, in pertinent part, that

Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely ... arson, ... shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

**3.** In addition to the information provided by Feather's sister, a neighbor reported that he had seen Feather start the fire.

enforcement system which may ultimately cause the suspect to be charged with a crime."). Nor has Feather pointed to other indicia of a formal arrest or its equivalent. In short, the "totality of circumstances" were not such that Feather was in custody "or otherwise deprived of his freedom of action in any significant way." *Miranda,* 384 U.S. at 444, 86 S.Ct. at 1612. Feather's confession was therefore properly admitted at trial and his conviction must be affirmed.

AFFIRMED.